Argued October 9, affirmed as modified November 5, 1974

RICHARDSON ET UX, *Respondents, v.*
FIELDS, *Defendant,* FIELDS, *Appellant.*
527 P2d 708

*Arthur A. Wilson* of Bernau & Wilson, Roseburg, argued the cause and filed a brief for appellant.

*Robert H. Anderson* of Stults, Murphy & Anderson, Roseburg, argued the cause and filed a brief for respondents.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, SLOPER and LEAVY, Justices.

LEAVY, J. (Pro Tempore)

Plaintiffs, husband and wife, filed this suit seeking specific performance of an alleged oral contract whereby the defendants, Dorothy Fields and her hus-

band, Dellard, agreed to sell real property to the plaintiffs. The trial court entered a decree granting specific performance. Defendant Dorothy Fields appeals.

In 1961 the father of Nancy Richardson, one of the plaintiffs, and of Dellard Fields, one of the defendants, purchased 10 acres near Grants Pass, Oregon. He was to make mortgage payments of $50 per month on the purchase price. Soon after he went into possession he sold an unimproved portion of the land to defendants, who undertook to make the $50 per month payments until paid. The defendants built a house and occupied it until 1967, when they moved to Douglas County and rented the house to a Mr. Kelley.

According to the testimony of plaintiff Nancy Richardson, the oral contract in dispute was agreed to in February 1968 while she and the defendants were at the defendants' residence in Douglas County. She testified that the defendants agreed to sell the property for $7,250.68, consisting of a down payment in the form of a boat, trailer, and three motors plus payment of the mortgage and $4,500 to be paid after the mortgage was satisfied.

Defendant Dellard Fields took possession of the boat, trailer, and motors and ultimately sold them. The plaintiffs went into possession of the land, made improvements to the road leading to the house, installed a hot water tank, wall gas furnace, bathroom fixtures, septic tank, and a drain field. They paid the taxes, insurance, and made the mortgage payments.

In January of 1972 the defendants, accompanied by defendant Dellard Fields' father, went to Steele Escrow Co. in Grants Pass, and soon thereafter the

escrow company mailed a deed and contract to the defendants for their signatures. Both defendants signed the contract, executed the deed and acknowledged it before a notary public on April 25, 1972. Dorothy Fields, appellant, then mailed the contract and deed to the escrow company. The deed remained in the hands of the escrow agent until the time of trial. However, the escrow company returned the contract to the defendants and requested them to obtain the plaintiffs' signatures. The defendant Dorothy Fields kept the contract in her possession and when required to produce it through her attorney at trial, it had her signature "scratched out."

In March of 1972 the plaintiffs moved from the house and rented it for $100 per month until September 1972. It remained vacant from then until the time of trial, a year later.

In April 1973 defendants, through their attorney, demanded the return of the deed from the escrow agent. In May 1973 the complaint was filed, and in June of that year defendant Dellard Fields conveyed his interest to his wife and codefendant, Dorothy. He did not answer the complaint or otherwise appear. After the escrow company had returned the signed contract to the defendants, plaintiff Nancy Richardson obtained a copy of the contract identical in form to the one signed by the defendants, affixed her signature, and sought the signature of the defendants.

Mrs. Fields testified that sometime during the summer of 1973, while this case was pending in the trial court, her husband, Dellard, physically attempted to force her to sign a copy of the contract. She testified that her husband was drinking heavily at the time

and that she had had some beer to drink and although not drunk, pretended that she was.

██ As we said in *Friesen v. Fuiten,* 257 Or 221, 478 P2d 372 (1970), one of the tests for ordering specific performance of an oral contract is that the proof must be clear, unequivocal and by a preponderance of the evidence. *Benson v. Williams,* 174 Or 404, 143 P2d 477 (1944); *Le Vee v. Le Vee,* 93 Or 370, 377, 181 P 351 (1919). We hold that the plaintiffs' proof meets that standard. Considering the testimony of the parties, along with their actions consistent with and pursuant to the terms of the oral agreement, the contents of the writing signed by defendants, and the deed, we find that the terms are shown by full, complete and satisfactory proof to have been so precise that neither party could reasonably misunderstand them. *Pion. Cem. Assn. v. Spencer Butte Lodge,* 228 Or 13, 363 P2d 1083 (1961).

█ The appellant contends that because of unfairness and inequality of the terms and circumstances of the contract, a court of equity should refuse relief. 4 Pomeroy, Equity Jurisprudence 103, § 1405A. The argument is based largely upon the 1968 contract price compared to evidence of 1973 market value. Ordinarily the fairness of a contract should be determined in light of the circumstances as they existed at the time of the making, and the adequacy of consideration for property should also be determined as of the making of the contract rather than according to the increased value at the time of trial. 11 ALR2d 390, 406 (1950). We find nothing inequitable about the price or other terms of the agreement. *See Shell Oil Co. v. Boyer,* 234 Or 270, 381 P2d 494 (1963).

■ The appellant attacks the plaintiffs' failure to allege or prove that they complied with the terms of the contract. Failure to allege that fact was raised for the first time at trial. The trial court in its memorandum opinion stated that if leave had been asked to amend in that respect, it would have been granted. Plaintiffs moved to amend before the decree was entered but the court proceeded to entry of the decree and several days later denied the motion to amend, having previously said in its memorandum that the allegation was not necessary.

We find no harm to the rights of the defendants in view of the adequate proof received without objection that plaintiffs had complied with the terms of the contract.

■ Finally, appellant claims that she is the victim of a conspiracy to take her property for less than its value and that plaintiffs have taken undue advantage of the relationship of her husband as brother to plaintiff Nancy Richardson. She says that she is an uneducated woman who has been subjected to arguments, threats, misrepresentations and physical punishment, all of which show a lack of clean hands of plaintiffs.

We do not find that the plaintiffs were responsible for such actions nor that such actions caused appellant to enter the contract now being enforced, nor do we find her lacking in capacity. On the occasion when physical force was used, the suit had already been filed. The agreement had already been entered into and the documents evidencing it had already been signed. As we have noted, her husband conveyed his interest in the property to her shortly after the case was filed. The deed recites as consideration the sum

of one dollar and says, "Consideration consists additionally of love and affection and other value given." From the evidence before us we cannot say that appellant's difficulties with her husband can be blamed upon the plaintiffs to defeat their remedy of specific performance.

■ The decree requires that the contract be performed according to the terms of the agreement signed by the defendants. That writing has a date of January 31, 1972, and calls for interest at 6% on unpaid balances from that date. The plaintiff Nancy Richardson testified that in arriving at the oral agreement in February 1968 it was agreed that interest would be paid.

We find that interest at the rate of 6% per annum on unpaid balances should run from February 1, 1968, the date of the oral agreement, which also is the approximate date on which the plaintiffs began to treat the property as their own.

The decree is affirmed as modified.